**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARVIN GERARDO CUELLAR-MEJIA A#: 208-983-302, Filed by Mariana Carolina Ayala,** <br><br> **Petitioner,** <br><br> **v.** <br><br> **WARDEN, KARNES COUNTY IMMIGRATION PROCESSING CENTER, ET AL.,** <br><br> **Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **SA-26-CV-5997-JKP** |

**SHOW CAUSE ORDER**

Before the Court is a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Mariana Carolina Ayala on behalf of Marvin Gerardo Cuellar-Mejia. (ECF No. 1). Cuellar-Mejia is currently detained at the Karnes County Immigration Processing Center. (*Id.*). Upon review, the Court orders that either Ayala or Cuellar-Mejia, for the reasons stated herein, must show cause why the Petition should not be dismissed.

The § 2241 Petition, which seeks Cuellar-Mejia's release from detention, was filed on his behalf by Ayala, Cuellar-Mejia's wife. (ECF No. 1). Such standing is available only when the "real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). The Court finds Ayala has not demonstrated standing to initiate this action for Cuellar-Mejia. (ECF No. 1). *See Pressley ex rel. Gakou v. Warden of Pike Cnty. Corr. Facility*, No. 25-cv-2160, 2025 WL 3232939, at *2 (M.D. Pa. Nov. 19, 2025) (finding that next friend lacked standing to assert claims on behalf of real party in interest suffering from "distress and confusion"). It cannot be said that Cuellar-Mejia, by mere virtue of his detention, lacks access to this Court. He has the same access as the other

numerous detainees who have filed petitions in this Court on their own behalf.

Importantly, even if Ayala could establish standing to bring this action on behalf of Cuellar-Mejia, as a non–attorney she is prohibited from doing so. Section 1654 of Title 28 of the United States Code states that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel*." 28 U.S.C. § 1654 (emphasis added). Courts have interpreted this provision to comprehensively list all the ways that a party may appear in federal court. *Raskin on Behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (citing *Gonzales v. Sanchez*, 157 F.3d 1016, 1021 (5th Cir. 1998)). Thus, under § 1654, "'a party can represent himself or be represented by an attorney,' because § 1654 says he can." *Id.* "On the other hand, he 'cannot be represented by a nonlawyer,' because the statute does not include the phrase, 'or by a nonlawyer.'" *Id.* In summary, "[i]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales*, 157 F.3d at 1021. This mandate applies even in the next–friend context, i.e., a "non–attorney cannot represent another party, even if acting as a next friend." *Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (per curiam) (collecting cases); *see Painter v. U.S. Att'y Gen.*, No. 08-cv-99, 2008 WL 1883460, at *1 (E.D. Tex. Apr. 25, 2008) ("Jack Painter does not state he has been admitted to the bar of this or any other court. . . . As a result, the court may not consider a pleading filed by Jack Painter on behalf of Richard Painter."). Thus, Cuellar-Mejia may represent himself in this matter, but he may not be represented by Ayala, a non–attorney; rather, Cuellar-Mejia must represent himself or obtain counsel. *See Raskin*, 69 F.4th at 283; *Gonzales*, 157 F.3d at 1021.

**IT IS THEREFORE ORDERED** that **within fourteen (14) days of the date of this Order**, Cuellar-Mejia or Ayala must show cause why this case should not be dismissed.

**Petitioner Cuellar-Mejia may respond to this show cause order by filing with this Court a signed and dated document stating that he adopts and ratifies the Petition and other pleadings previously filed on his behalf by Ayala and intends to proceed *pro se* in this matter, that is, on his own behalf.**

If the parties fail to comply with this Order, the Petition may be dismissed without prejudice by this Court without further notice for want or prosecution and failure to comply with this Court's Order. *See* FED. R. CIV. P. 41(b).

It is so **ORDERED**.

**SIGNED** this 21st day of September, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE